UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT DOMINY,

                                    Plaintiff,

                    -against-

UNITED STATES,

                                    Defendant.

25-CV-1279 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in FCI Otisville in Otisville, New York, brings this action *pro se* under the Federal Tort Claims Act. He alleges that he has been denied adequate medical care and pain management. By order dated February 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In this complaint against the United States, Plaintiff sets forth the following facts. In April 2023, Plaintiff began experiencing pain in his left ankle, and an x-ray showed that one of the "screws" in the ankle had "fus[ed]" and become "deformed." (ECF 1 ¶ V.) The Regional Medical Director ("RMD") wanted to amputate Plaintiff's leg from the knee down, which Plaintiff felt was "excessive." The RMD set up an appointment for Plaintiff to see a specialist, but in September 2023, while Plaintiff was waiting for that appointment, he felt a "pop" in that ankle, followed by "extreme pain." (*Id.*) An x-ray showed that the "rod" in Plaintiff's leg had "broken." (*Id.*) Plaintiff was given a wheelchair and crutches, but the appointment with the specialist was canceled, and he has not received any other treatment or pain medication. (*Id.*) Plaintiff seeks $1.5 million in damages. (*Id.* ¶ IV.)

## DISCUSSION

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). "The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).[2]

---

[2] The Court also notes that an FTCA claim is available for tort claims but not for the violation of a constitutional right. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("[T]he

Before a federal court can entertain an FTCA claim, a plaintiff must comply with the FTCA's procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). A claimant exhausts his administrative remedies by filing a claim for damages with the relevant federal agency. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, must specify the amount of damages sought, and must be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may challenge the agency's final denial in a federal district court by filing an action within six months of the federal agency's mailing of the notice of denial. *See* § 2401(b). If no written final determination is made by the federal entity within six months of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court even though no final agency determination has been made. *See* § 2675(a).

This exhaustion requirement is jurisdictional and cannot be waived.[3] See *Celestine*, 403 F.3d at 82; see *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (holding that a "claimant can only initiate his or her lawsuit once the claim has been denied by the agency or if the agency has failed to make a decision within six months after the claim was filed."); *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system.").

---

United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

[3] By contrast, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Kwai Fun Wong*, 575 U.S. at 420.

Here, it is unclear from the allegations in Plaintiff's complaint whether he exhausted his administrative remedies with the Bureau of Prisons ("BOP") before bringing this suit.[4] Any claim under the FTCA therefore cannot proceed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unknown whether Plaintiff exhausted his administrative remedies under the FTCA, the Court grants Plaintiff leave to file an amended complaint that asserts facts in support of his claim under the FTCA and to alleges facts demonstrating that he fully exhausted the appropriate administrative remedies (or waited at least 6 months after making his administrative claim) before filing this complaint.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-1279 (LTS). An Amended Civil Rights

---

[4] To fully exhaust his administrative remedies, Plaintiff must pursue the BOP's four-step grievance process. *See* 28 C.F.R. § 542.10 *et seq.*; *Cheng v. United States*, 725 F. Supp. 3d 432, 441 (S.D.N.Y. 2024). Prisoners must first attempt to informally resolve their problem by filing a BP-8 form. If the BP-8 is denied or goes unanswered, the prisoner must begin the formal grievance process by filing a BP-9 form with the prison warden. *Cheng*, 725 F. Supp. at 441. A prisoner unsatisfied with the warden's response to his BP-9 form may appeal the ruling to the BOP's regional director using a BP-10 form. *Id.* An appeal from a BP-10 denial must be filed using the BP-11 form, which is filed with the general counsel for the BOP. *Id.*

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 27, 2025
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes    ☐ No
            (check one)

___ **Civ.** _____ (   )

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                Where Currently Employed _____
                Address _____
                _____

*Rev. 01/2010*                        1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


| Who did what? |
| --- |

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____


| What happened to you? |
| --- |

D.    Facts:_____

_____

_____

_____

*Rev. 01/2010*                                        2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |
| --- |

_____
_____
_____
_____
_____

| Who else saw what happened? |
| --- |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.       Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes _____     No _____     Do Not Know _____

C.       Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes _____     No _____     Do Not Know _____

     If YES, which claim(s)?
_____

D.       Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes _____     No _____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes _____     No _____

E.       If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

     1.       Which claim(s) in this complaint did you grieve?
_____

     2.       What was the result, if any?
_____

     3.       What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.       If you did not file a grievance:

     1.       If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                              5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number           _____

Institution Address        _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:   _____


*Rev. 01/2010*                                   7