UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT M. DOMINY,

                          Plaintiff,

-against-

UNITED STATES OF AMERICA,

                          Defendant.

25-CV-1279 (JGLC)

**ORDER OF SERVICE**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff, who currently is incarcerated at F.C.I. Otisville, brings this action *pro se* under the Federal Tort Claims Act. By order dated February 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

      To allow Plaintiff to effect service on Defendant United States through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant, and check the box labeled "Check

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons be issued. The Court therefore extends the time to serve until 90 days after the date any summons issues.

for service on U.S.A." The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to issue a summons for Defendant the United States of America, complete the USM-285 form and check the box on the form labeled "Check for service on U.S.A," and deliver all documents[3] necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also respectfully directed to mail an information package to Plaintiff.

Dated: August 6, 2025
   New York, New York

                    SO ORDERED.

                    *Jessica Clarke*

                    JESSICA G. L. CLARKE
                    United States District Judge

---

[3] The Clerk of Court is directed to include in the service materials the original complaint and the amended complaint (ECF 1, 7) as the operative pleading.

**SERVICE ADDRESSES**

1. United States of America
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

2. United States Attorney for the Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, NY 10007

3. Federal Bureau of Prisons
   320 First Street, NW
   Washington, DC 20534